UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4736 CAS (SSx) | Date | July 18, 2013 |
|---|---|---|---|
| Title | PATRICK MASSETT, ET AL. V. BANK OF AMERICA, N.A. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (Docket #4, filed July 2, 2013)

MOTION FOR TEMPORARY RESTRAINING ORDER (Docket #5, filed July 2, 2013)

PROPOSED ORDER TO SHOW CAUSE (Docket #7, filed July 2, 2013)

## I.   INTRODUCTION

Plaintiffs Patrick Massett and Marybeth Masset filed this case in this Court on June 28, 2013. Bank of America, N.A. ("BANA") is the sole defendant. Plaintiffs contend that BANA unlawfully engaged in "dual tracking," a practice where a bank simultaneously processes a homeowner's application for a loan modification and takes steps towards foreclosing on the homeowner's residence. Plaintiffs allege that because they have been unlawfully subjected to dual tracking, BANA cannot lawfully foreclose on their home.

On July 2, 2013, plaintiffs filed an application for a temporary restraining order preventing BANA from conducting a foreclosure sale. No opposition has been filed, nor have plaintiffs filed proof of service. After considering plaintiffs' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4736 CAS (SSx) | Date | July 18, 2013 |
|---|---|---|---|
| Title | PATRICK MASSETT, ET AL. V. BANK OF AMERICA, N.A. | | |

**II.   BACKGROUND**

On June 13, 2007, plaintiffs took out a home mortgage loan from non-party Countrywide Financial.  Complaint ¶ 7.  This loan is secured by a deed of trust against plaintiffs' residence, located at 29943 Harvester Rd., Malibu, California 90265 ("the property").  Id.  Ownership of plaintiffs' loan was transferred to BANA in 2008.  Id.

In March 2012, plaintiffs fell behind on their mortgage payments, and on May 16, 2012, plaintiffs filed an application for a loan modification with BANA.  Id. ¶ 8.  On July 31, 2012, BANA denied their application for the "Department of Justice" loan modification program, but stated that plaintiffs might qualify for the "Classic Trial" program or the "National Homeownership Retention Program."  Id. ¶ 9.  Plaintiffs applied for loan modifications under both programs, and it appears that their applications remain pending.

While plaintiffs' loan modification applications have been pending, BANA has been taking steps to foreclose on the property.  BANA filed a notice of default on July 19, 2012, and filed notices of sale on October 28, 2012 and June 4, 2013.  Id. ¶¶ 10, 13.  The June 4, 2013 notice of sale provides that the property is to be sold on June 27, 2013.  Notice of Sale, Dkt. #7 Ex. 1 at 1.  The complaint does not state whether this sale took place.

Additionally, plaintiffs allege that BANA plans to transfer the servicing of plaintiffs' loan to non-party Nationstar Mortgage, LLC ("Nationstar").  Complaint ¶ 14.  Plaintiffs claim that this transfer could harm their prospects for obtaining a favorable loan modification, because BANA has legal obligations flowing from a settlement agreement it reached with the United States government, but these obligations are inapplicable to Nationstar because it is not a party to that settlement.  Id. ¶ 21; see United States, et al. v. Bank of America, et al., Case No. 12-cv-361 RMC (D. D.C. 2012).

Plaintiffs' application for a temporary restraining order seeks to prevent BANA from going forward with a trustee's sale and transferring the servicing of plaintiffs' loan to Nationstar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4736 CAS (SSx) | Date | July 18, 2013 |
|---|---|---|---|
| Title | PATRICK MASSETT, ET AL. V. BANK OF AMERICA, N.A. | | |

### III. LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 & fn.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984). Under either formulation, demonstrating a likelihood of success on the merits and irreparable harm is "most critical." Nken v. Holder, 556 U.S. 418, 434 (2009).

### IV. ANALYSIS

Plaintiffs allege that they are entitled to relief from foreclosure under California Civil Code § 2923.6. This statute requires mortgage servicers to refrain from taking steps to move forward with a foreclosure while a loan modification is pending:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4736 CAS (SSx) | Date | July 18, 2013 |
|---|---|---|---|
| Title | PATRICK MASSETT, ET AL. V. BANK OF AMERICA, N.A. | | |

    (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.

    (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.

    (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

Cal. Civ. Code § 2923.6(c). This argument fails, however, because this statute does not provide a private right of action to borrowers. Pfeifer v. Countrywide Home Loans, Inc., 211 Cal. App. 4th 1250, 1282 n. 17 (2012) ("The Pfeifers have no private right of action under Civil Code section 2923.6, and this statute does not require loan servicers to modify loans."); Rodriguez v. JP Morgan Chase & Co., 809 F. Supp. 2d 1291, 1296 (S.D. Cal. 2011) ("Section 2923.6 does not require loan servicers to modify loans, and it does not create a private right of action for borrowers."). Consequently, the Court finds that no temporary restraining order barring a trustee's sale should issue because plaintiffs are not likely to succeed on the merits.

    The Court also finds that plaintiffs are not likely to succeed on their claim seeking to prevent transfer of their loan to Nationstar. Plaintiffs have cited no authority explaining why it would be unlawful for BANA to transfer their loan to Nationstar. Plaintiffs do not contend that this transfer would violate any state or federal law, nor do they contend that the transfer would violate BANA's settlement agreement, nor do they explain what law would grant them standing to challenge the loan transfer even if it were unlawful or contrary to BANA's settlement. The Court therefore also concludes that plaintiffs are unlikely to succeed on their claim to prevent transfer of their loan to Nationstar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4736 CAS (SSx) | Date | July 18, 2013 |
|---|---|---|---|
| Title | PATRICK MASSETT, ET AL. V. BANK OF AMERICA, N.A. | | |

**V. CONCLUSION**

In accordance with the foregoing, plaintiffs' request for a temporary restraining order is hereby DENIED.

IT IS SO ORDERED.

00 : 00

Initials of Preparer    CMJ