UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4736 CAS (SSx) | Date | September 10, 2013 |
|---|---|---|---|
| Title | PATRICK MASSETT, ET AL. V. BANK OF AMERICA, N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Sergio Siderman | Jeremy Carr |

**Proceedings:** THIRD EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (Docket #32, filed September 9, 2013)

## I.   INTRODUCTION

Plaintiffs Patrick Massett and Marybeth Masset filed this case in this Court on June 28, 2013 against defendant Bank of America, N.A. ("BANA"). On August 1, 2013, plaintiffs filed the operative First Amended Complaint ("FAC"), adding defendant Nationstar Mortgage Holdings, Inc. ("Nationstar"). Plaintiffs contend that defendants unlawfully engaged in "dual tracking," a practice where a bank simultaneously processes a homeowner's application for a loan modification and takes steps towards foreclosing on the homeowner's residence. Plaintiffs allege that because they have been unlawfully subjected to dual tracking, defendants cannot lawfully foreclose on their home.

On September 9, 2013, plaintiffs filed their third ex parte application for a temporary restraining order ("TRO") seeking to prevent defendant Nationstar from holding a foreclosure sale that is allegedly scheduled for September 12, 2013. No opposition has been filed. After considering plaintiffs' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

On June 13, 2007, plaintiffs obtained a home mortgage loan from non-party Countrywide Financial. FAC ¶ 8. This loan is secured by a deed of trust against plaintiffs' residence, located at 29943 Harvester Road., Malibu, California 90265 ("the property"). Id. Ownership of plaintiffs' loan was transferred to BANA in 2008. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4736 CAS (SSx) | Date | September 10, 2013 |
|---|---|---|---|
| Title | PATRICK MASSETT, ET AL. V. BANK OF AMERICA, N.A., ET AL. | | |

In March 2012, plaintiffs fell behind on their mortgage payments, and on May 16, 2012, plaintiffs filed an application for a loan modification with BANA. Id. ¶ 8. On July 31, 2012, BANA denied their application for the "Department of Justice" loan modification program, but stated that plaintiffs might qualify for the "Classic Trial" program or the "National Homeownership Retention Program." Id. ¶ 10. Plaintiffs applied for loan modifications under both programs.

On July 1, 2013, however, BANA transfered the servicing of plaintiffs' loan to defendant Nationstar. Plaintiffs were informed that their ongoing loan modification applications would be processed by Nationstar. Id. ¶ 22. As of August 29, 2013, Nationstar was reviewing plaintiffs' applications for a loan modification; plaintiffs allege that they have not yet received a final determination. Ex. 2. Plaintiffs further claim that Nationstar has simultaneously filed a notice of sale against their property, and has scheduled a trustee's sale for September 12, 2013. Ex. 1.

### III.    LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 & n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984). Under either formulation, demonstrating a likelihood of success on the merits and irreparable harm is "most critical." Nken v. Holder, 556 U.S. 418, 434 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4736 CAS (SSx) | Date | September 10, 2013 |
|---|---|---|---|
| Title | PATRICK MASSETT, ET AL. V. BANK OF AMERICA, N.A., ET AL. | | |

## IV.  ANALYSIS

As the party seeking a temporary restraining order, plaintiffs bear the burden of showing (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public interest.  Am. Trucking Ass'n, Inc., 559 F.3d at 1052.

The Court begins first with likelihood of success on the merits.  Here, plaintiffs allege that they are entitled to relief from foreclosure under California Civil Code § 2923.6.  This statute requires mortgage servicers to refrain from taking steps to move forward with a foreclosure while a loan modification is pending:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.  A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:
>
> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
>
> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
>
> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

Cal. Civ. Code § 2923.6(c).  Furthermore, under the recently added Cal. Civ. Code § 2924.12, "[i]f a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section . . . 2923.6."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4736 CAS (SSx) | Date | September 10, 2013 |
|---|---|---|---|
| Title | PATRICK MASSETT, ET AL. V. BANK OF AMERICA, N.A., ET AL. | | |

  Plaintiffs allege that Nationstar's efforts to sell the property violate § 2923.6 because Nationstar is still processing plaintiffs' loan modification application. Section 2923.6 bars Nationstar from conducting a trustee's sale if (1) plaintiffs have submitted a "complete application for a first lien loan modification" and (2) that "complete first lien loan modification application is pending." In support of their contention that their application is "complete," plaintiffs have submitted an email from Michael Brown, a "Dedicated Loan Specialist" with Nationstar. In this email, Mr. Brown states: "I am sending this e-mail as confirmation of my receipt of all of the financial documents required in order to have a speedy review for modification. We do not need any further documentation at this point in time . . . ." Dkt. # 24 Ex. 1. To show that their application is still pending, plaintiffs attach a second email from Mr. Brown, dated August 29, 2013, which states: "The account is currently still in review." Ex. 2.

  Because they have submitted a "complete application for a first lien loan modification," and this application is still pending, plaintiffs qualify for the protections offered by § 2923.6. As such, Nationstar may not "conduct a trustee's sale" until one of the conditions enumerated in §§ 2923.6(1), (2), or (3) occurs. The Court therefore finds that plaintiffs have shown a likelihood of success on the merits.

  Second, plaintiffs must show that they will suffer irreparable harm in the absence of a TRO. Here, § 2924.12 only authorizes relief "[i]f a trustee's deed upon sale has not been recorded." If the scheduled trustee's sale goes forward, then, plaintiffs will have no means of contesting Nationstar's alleged dual-tracking. More broadly, once the property is sold, it will be far more difficult to "unscramble the eggs" and grant effective relief if plaintiffs' claims turn out to be meritorious. In re Baker & Drake, Inc., 35 F.3d 1348, 1352 (9th Cir. 1994). The Court finds that plaintiffs have shown irreparable harm.

  Third, the balance of equities must tilt in favor of plaintiffs to justify a TRO. Here, the TRO would cause little harm to Nationstar. Section 2923.6 only defers the trustee's sale while plaintiffs' application for a loan modification is pending; it "does not require loan servicers to modify loans." Rodriguez v. JP Morgan Chase & Co., 809 F. Supp. 2d 1291, 1296 (S.D. Cal. 2011). At most, then, a TRO would briefly delay Nationstar while it finishes processing plaintiffs' application for a loan modification. Because this short delay will cause little harm compared against the irreparable harm to plaintiffs discussed above, the Court finds that the balance of equities weighs in favor of plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4736 CAS (SSx) | Date | September 10, 2013 |
|---|---|---|---|
| Title | PATRICK MASSETT, ET AL. V. BANK OF AMERICA, N.A., ET AL. | | |

Finally, issuing the TRO must be in the public interest. "The focus of the district court's public interest analysis should be whether there exists some critical public interest that would be injured by the grant of preliminary relief." Rosen Entm't Sys., LP v. Eiger Vision, 343 F. Supp. 2d 908, 921 (C.D. Cal. 2004). Here, there does not appear to be any such "critical public interest" that would be jeopardized by a TRO. By contrast, if Nationstar has engaged in dual tracking as plaintiffs allege, the public interest would favor injunctive relief. "[R]ecent California legislation attempts over time to eliminate the practice of dual tracking and to ameliorate its effects." Jolley v. Chase Home Fin., LLC, 213 Cal. App. 4th 872, 904 (2013). Accordingly, the court finds that plaintiffs have shown that a TRO would be in the public interest.

## V.   CONCLUSION

Because plaintiffs have carried their burden on all four factor, the Court concludes that injunctive relief pursuant to Cal. Civ. Code § 2924.12 is warranted. Accordingly, plaintiffs' application for a temporary restraining order is hereby GRANTED.

IT IS SO ORDERED.

|  | 00 | : | 18 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |