UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:13-cv-04736-CAS(SSx) | Date | July 25, 2014 |
|---|---|---|---|
| Title | PATRICK MASSETT, ET AL. V. BANK OF AMERICA, N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Not Present | Not Present | |

**Proceedings:**   (In Chambers:) DEFENDANT NATIONSTAR'S MOTION FOR ATTORNEYS FEES AND COSTS (Dkt. 88, filed June 27, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of August 4, 2014, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

Plaintiffs Patrick Massett and Marybeth Masset filed this case in this Court on June 28, 2013 against defendant Bank of America, N.A. ("BOA"). On January 14, 2014, plaintiffs filed a Second Amended Complaint ("SAC"), adding defendant Nationstar Mortgage, LLC ("Nationstar").[1] Plaintiffs principally complained about that defendants, the servicers of plaintiffs' home mortgage loan, were improperly attempting to foreclose on their house. On June 6, 2014, after extended motion practice, plaintiffs moved to voluntarily dismiss their claims. Dkt. 82. On June 13, 2014, the Court dismissed the case without prejudice.

On June 27, 2014, defendant Nationstar filed a motion for attorneys' fees and costs. Dkt. 88. On July 25, 2014, plaintiffs filed an untimely opposition. Dkt. 93  After considering the parties' arguments, the Court finds and concludes as follows.

---

[1] On September 10, 2013, this Court granted a temporary restraining order enjoining a then-pending foreclosure. This temporary restraining order was predicated on plaintiffs' claim in their First Amended Complaint that defendants had violated Cal. Civ. Code § 2923.6(c), which prohibits foreclosure activities while a loan modification application is pending. The temporary restraining order expired on January 17, 2014. Dkt. 46.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-04736-CAS(SSx) | Date | July 25, 2014 |
| Title | PATRICK MASSETT, ET AL. V. BANK OF AMERICA, N.A., ET AL. | | |

## II.  ANALYSIS

Nationstar seeks to recover $45,856.50 in attorneys' fees for its defense of this action. Because this Court sits in diversity in this action, California law governs Nationstar's entitlement to fees. Nationstar relies on several interconnected provisions of the California Code of Civil Procedure in arguing that it should be awarded fees. First, Cal. Code Civ. P. 1032(b) provides that "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Cal. Code. Civ. P. 1032(a)(4), in turn, defines "prevailing party" to include, among other things, "a defendant in whose favor a dismissal is entered." Finally, Cal. Code Civ. P. 1033.5(a)(10) states that allowable costs include "Attorney's fees, when authorized by any of the following: (A) Contract." Applying these provisions, Nationstar argues that it is a prevailing party because plaintiffs voluntarily dismissed this case in its favor; that as a prevailing party, it is entitled to costs; and that its costs include its contractual attorneys' fees. Nationstar then relies on the terms of the Deed of Trust governing plaintiff's mortgage:

> **9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.**
> If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument . . . or (c) Borrower has abandoned the property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including . . . paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument . . . .
> Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting Payment.

Request for Judicial Notice, Ex. A, § 9. Nationstar contends that it expended $45,856.50 in attorneys' fees to "protect its interest in the Property and/or rights under this Security Instrument" in this action, and it is entitled to recover those fees as costs pursuant to Cal. Code Civ. P. §§ 1032 & 1033.5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-04736-CAS(SSx) | Date | July 25, 2014 |
|---|---|---|---|
| Title | PATRICK MASSETT, ET AL. V. BANK OF AMERICA, N.A., ET AL. | | |

      The Court finds that Nationstar is not entitled to recover these attorneys' fees. Cal. Civil Code § 1717 governs the award attorneys' fees in cases "on a contract." See Pac. Fuel Co., LLC v. Shell Oil Co., 416 F. App'x 607, 609 (9th Cir. 2011) ("By its terms, § 1717 applies "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party."). Section 1717(b)(2), however, provides that "[w]here an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." The primary purpose of this provision is that "permitting recovery of attorney fees by defendant in all cases of voluntary dismissal before trial would encourage plaintiffs to maintain pointless litigation in moot cases or against insolvent defendants to avoid liability for those fees." Santisas v. Goodin, 17 Cal. 4th 599, 613 (1998). Here, plaintiffs voluntarily dismissed their case, and the Court therefore concludes that there is therefore no prevailing party, and thus no entitlement to attorneys' fees.

      Nationstar resists this conclusion, arguing that § 1717 only applies to actions "on a contract," and that plaintiff's claims, although they fall within the scope of the fee provision of the Deed of Trust, were not actions on a contract. Instead, many of plaintiff's claims alleged fraud, or violations of the California Homeowner's Bill of Rights. Cf. Santisas, 17 Cal. 4th at 602 ("[I]n voluntary pretrial dismissal cases, Civil Code section 1717 bars recovery of attorney fees incurred in defending contract claims, but . . . Civil Code section 1717 [does not] bar[] recovery of attorney fees incurred in defending tort or other noncontract claims.").

      The Court finds this argument unpersuasive, for two reasons. First, the Court finds that plaintiff's claims were brought "on a contract." "California courts liberally construe the term 'on a contract' as used within section 1717. As long as the action involves a contract it is 'on a contract' within the meaning of Section 1717." Dell Merk, Inc. v. Franzia, 132 Cal. App. 4th 443, 455 (2005) (quotations and alterations omitted); see also Pac. Fuel Co., LLC, 416 F. App'x at 610 (citing cases). Here, plaintiffs' claims in this litigation have sought to challenge defendants' authority to foreclose under the Deed of Trust. Accordingly, regardless of the formal caption of plaintiffs' claims, the Court concludes that those claims were brought "on a contract." See Hsu v. Abbara, 9 Cal. 4th 863, 877 (1995) ("In determining litigation success, courts should respect substance rather than form, and to this extent should be guided by 'equitable considerations.'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-04736-CAS(SSx) | Date | July 25, 2014 |
|---|---|---|---|
| Title | PATRICK MASSETT, ET AL. V. BANK OF AMERICA, N.A., ET AL. | | |

Second, even if Nationstar were correct that plaintiff's claims were not "on a contract," fees would still not be appropriate because then plaintiff's claims would fall outside the bounds of the Deed of Trust fees provision. As Santisas makes clear, a Court may only award "off-contract" fees under a contractual fee provision if that provision is expansive enough to actually cover those causes of action. See Santisas, 17 Cal. 4th at 608 ("If a contractual attorney fee provision is phrased broadly enough, as this one is, it may support an award of attorney fees to the prevailing party in an action alleging both contract and tort claims."). Here, however, the Deed of Trust only authorizes fees when "there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument." But Nationstar's interest in the property and rights under the Deed of Trust are both creatures of contract, namely, the Deed of Trust. Accordingly, to the extent that plaintiffs' claims were not "on a contract," those claims do not fall within the attorneys' fee provision of the Deed of Trust, and Nationstar is not entitled to fees in the first instance. Cf. Caldwell v. Wells Fargo Bank, N.A., 2014 WL 789083, at *5 (N.D. Cal. Feb. 26, 2014) ("Defendant expressly admits that Plaintiff's claims fall within the scope of the promissory note's fee clause as well as the fee clause in the deed of trust.' As such, Plaintiff's claims are 'on a contract.'"). Accordingly, the Court concludes that Nationstar is not entitled to recover its attorneys' fees in this action.

By contrast, § 1717 does not apply to non-fee costs under Cal. Code Civ. P. §§ 1032 & 1033.5. For those costs, Nationstar correctly asserts that it is the prevailing party pursuant to § 1032(a)(4), and thus entitled to recover its costs pursuant to § 1032(b). Accordingly, the Court concludes that Nationstar may recover its non-fee costs in this action.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS IN PART and DENIES IN PART Nationstar's motion for attorneys' fees and costs. Nationstar is awarded its non-fee costs in this action. Nationstar's motion is otherwise denied its entirety.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |